Jan Anson VICORY and Charles Wollis Crocker, Appellants,

v.

J. C. TAYLOR, Warden, U. S. Penitentiary, Leavenworth, Kansas, Appellee.

No. 7842.

United States Court of Appeals
Tenth Circuit.

Dec. 8, 1964.

Jerry Tubb, Oklahoma City, Okl., for appellants.

Thomas E. Joyce, Asst. U. S. Atty. (Newell A. George, U. S. Atty., on the brief), for appellee.

Before LEWIS, BREITENSTEIN and HILL, Circuit Judges.

PER CURIAM.

This appeal is from an order of the court below denying, without a hearing, appellants' petition for a writ of habeas corpus which the court treated as a motion for vacation of sentence under 28 U.S.C.A. § 2255. Appellants were jointly charged in two separate informations with violations of 18 U.S.C.A. § 2113. They entered pleas of guilty to each of the two charges and were sentenced to imprisonment for a term of twelve years on each charge, with the sentences to run concurrently.

The judgments and sentences are attacked in this case on the ground that the pleas of guilty, together with certain confessions, were not voluntarily made but were coerced by the threats of FBI agents. Vicory alleges that unless he confessed to the crimes in question and entered pleas of guilty thereto, one of the agents threatened to: Have his common law wife arrested as an accessory to a conspiracy to rob a bank; see that his common law wife was prosecuted under the Missouri penal laws prohibiting common law marriages; and have his stepdaughter taken away from her mother and placed in a home. Vicory also alleges that when he attempted to post bond, the FBI agent said that if he were successful in that respect, the agent would see that the amount of bond was doubled and that his prior suspended sentence was revoked. Crocker alleges that the FBI agents threatened to conspire with officials of the State of Missouri and have him put away for life in the Missouri penitentiary on state charges unless he confessed to the crimes in question, pleaded guilty to them and implicated his friend, Vicory, in those crimes. Crocker also alleges that he was promised leniency if he would aid the Government in the prosecution of the offenses and plead guilty.

[1] It is well established that a plea of guilty is void when induced by threats or promises which deprive it of the character of a voluntary act and the judgment and sentence entered thereon is subject to collateral attack by a motion under § 2255. Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148; Putnam v. United States, 10 Cir., 337 F.2d 313, and cases therein cited. Appellants' allegations as to the pleas of guilty, if true, clearly bring this case within that rule and, therefore, the only question before us is whether the motion and files and records conclusively show that appellants are entitled to no relief on that ground. If they do, an evidentiary hearing is not required and if they do not, appellants are entitled to such a

hearing. Putnam v. United States, supra, and cases therein cited.

 We have carefully examined the entire record and are unable to find anything therein that contradicts the allegations of appellants as to the voluntariness of their pleas of guilty. Therefore, we must accept them as true for the purposes of this appeal. Putnam v. United States, supra. And, improbable as are the allegations, appellants have a right to support them by evidence. Frand v. United States, 10 Cir., 289 F.2d 693, 694.

 The questions raised as to the voluntariness of the confessions made by appellants are not relevant since the confessions were never used against them. We therefore express no opinion on those questions. Nor do we express any opinion on the issue of whether the pleas of guilty were in fact voluntary. We do hold that appellants are entitled to an evidentiary hearing on that issue.

Reversed and remanded with directions to grant a hearing in accordance herewith.