**Jan Anson VICORY and Charles Wallis Crocker, Appellants,**

v.

**John T. WILLINGHAM, Warden, Appellee.**

**No. 8099.**

United States Court of Appeals
Tenth Circuit.

Dec. 16, 1965.

William W. Rodgers, Jr., Oklahoma City, Okl., for appellants.

Thomas E. Joyce, Asst. U. S. Atty. (Newell A. George, U. S. Atty., with him on brief), for appellee.

Before MURRAH, Chief Judge, and BREITENSTEIN and SETH, Circuit Judges.

PER CURIAM.

This case was first before us (Vicory v. Taylor, 10 Cir., 338 F.2d 954) on appeal from an order of the Kansas District Court denying without hearing petitioners' application for a writ of habeas corpus which the trial court properly treated as a motion to vacate sentence under 28 U.S.C. 2255. Having been jointly charged in two separate informations with violations of 18 U.S.C. 2113, petitioners entered pleas of guilty to each of the two charges and were sentenced to a term of 12 years imprisonment on each charge, the sentences to run concurrently.

The judgments and sentences were attacked on the grounds that the guilty pleas, together with certain confessions, were coerced by threats of the F.B.I. and were, therefore, not voluntarily made. We held that the questions raised as to voluntariness of the confessions were not relevant since the confessions

were never used against the petitioners, but remanded the case to the trial court with directions to grant petitioners an evidentiary hearing on the issue of whether the guilty pleas were in fact voluntary.

On remand the trial court conducted an extensive evidentiary hearing on the question of voluntariness pursuant to which he rejected as untrue appellant Vicory's testimony to the effect that the F.B.I. threatened to prosecute his common law wife under the Missouri penal laws and to take his step-daughter from her mother and place her in a home and double the amount of his bond if he did not plead guilty. The trial court also rejected as false appellant-Crocker's testimony to the effect that the F.B.I. threatened to conspire with officials of the State of Missouri to have him sentenced for life to the Missouri State Penitentiary on a state charge unless he pleaded guilty and implicated his friend Vicory. The Court expressly found that neither the F.B.I. agents nor anyone else connected with the prosecution had promised either of the petitioners leniency and lesser punishment if they would plead guilty and that " * * * both of them, freely and voluntarily entered their plea of guilty * * * in each of the cases involved here." The record clearly supports the findings of the trial court, and the motion was properly denied.

Appellants also complain of denial of their constitutional right to consult their attorney before they confessed. But, since they each pleaded guilty to the offenses and the confessions were never used against them, they have no right to complan of the circumstances under which the confessions were made. Moreover, the record shows that Vicory was represented by retained counsel, and when Crocker was arrested on a state charge he requested permission to talk to an F.B.I agent and apparently welcomed the opportunity to plead guilty to the federal charge in order to avoid prosecution under the state charge.

The record shows that before the guilty pleas were accepted the appellants were asked if they understood the maximum penalties for the offense was 25 years. They were further asked whether this had been discussed with their attorneys, and they replied "yes". Their pleas were then accepted and after presentence investigation the sentences were imposed. They freely and voluntarily entered their pleas after advice of counsel and cannot now complain.

Appellants complain that the trial court erred in failing to grant a continuance of the evidentiary hearing because important witnesses were not present. But, the record shows the appellants were afforded an opportunity to subpoena witnesses and have compulsory process. All of the subpoenaed witnesses were served except one who could not be found because of an insufficient address provided by the appellants. There is nothing in the record to indicate that appellants requested any other witnesses be subpoenaed or complained at the hearing of their failure to be served.

There is nothing whatsoever to any of the contentions of the appellants, and the judgment of the trial court is affirmed.