**LeRoy L. LARSON, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 53876.**

Supreme Court of Missouri,
Division No. 2.

Feb. 10, 1969.

Robert G. Duncan, Pierce & Duncan, Kansas City, for appellant.

Norman H. Anderson, Atty. Gen., Walter W. Nowotny, Jr., Asst. Atty. Gen., Jefferson City, for respondent.

FINCH, Presiding Judge.

LeRoy L. Larson, the movant herein, appeals from the action of the Circuit Court in overruling without an evidentiary hearing his motion to vacate sentence and judgment pursuant to Supreme Court Rule 27.26, V.A.M.R. We reverse and remand.

Defendant was charged by indictment dated December 5, 1960, with murder in the first degree. Two attorneys were appointed on December 7, 1960, to represent defendant. On February 10, 1961, he appeared with counsel in the Circuit Court of Clay County and entered a plea of guilty, upon which he was sentenced to life imprisonment.

On April 23, 1968, Larson filed a pro se motion under Rule 27.26 to vacate said judgment and sentence of life imprisonment. Counsel was not appointed to represent him in the Circuit Court on this motion and on April 25, 1968, the trial court

overruled the 27.26 motion in the following order:

"Now on this 25th day of April, 1968, movant's motion to proceed in forma pauperis is by the court granted. Now movant's motion to vacate, set aside or correct conviction or sentence is taken up by the court, the court examines all files and records in cause number Cr. 1070, State of Missouri vs. LeRoy L. Larson, and being satisfied that the movant is not entitled to any relief, the court doth find that movant's motion be denied and cause dismissed.

"Therefore, it is ordered and adjudged by the court that the movant recover naught by his motion to set aside or correct conviction or sentence in cause number Cr. 1070, State of Missouri vs. LeRoy L. Larson, and that this cause be, and the same hereby is dismissed."

Thereafter, Larson took timely appeal to this court and the trial court appointed counsel to represent him on appeal pursuant to Supreme Court Rule 27.26(*l*).

Larson's 27.26 motion asserted three alleged grounds for relief, two of which are briefed and argued on appeal.

One question presented is whether the indictment was fatally defective on the theory that it did not allege the date of the death of the person whom Larson was charged to have murdered. The indictment against Larson was as follows:

"The Grand Jury of the State of Missouri, duly summoned from the body of the County of Clay in the State of Missouri, impaneled, sworn and charged to inquire within and for the body of Clay County and State aforesaid, now here in Court, upon their oaths present and charge that the defendant, Leroy Lee Larson, at and in the County of Clay and the State of Missouri, on or about the 25th day of November, 1960, did wilfully, unlawfully and feloniously in and upon one Bennie A. Hudson, deliberately, premeditatedly and of his malice aforethought, did make an assault and with a dangerous and deadly weapon, to-wit, a pistol, then and there loaded with cartridges, which he, the said Leroy Lee Larson, in his hands then and there had and held at and against the said Bennie A. Hudson, and did then and there shoot off and discharge and unlawfully, feloniously, deliberately, premeditatedly and of his malice aforethought, did shoot, strike and mortally wound him the said Bennie A. Hudson, and from the mortal wounds inflicted the said Bennie A. Hudson, did then and there die, contrary to the form of statute in such cases made and provided, and against the peace and dignity of the State of Missouri."

It is defendant's contention that the indictment should have charged specifically the date of death of Bennie A. Hudson and that it is fatally defective for not so doing. Some early cases such as State v. Sides, 64 Mo. 383, and State v. Hagan, 164 Mo. 654, 65 S.W. 249, are cited.

The precise point raised by Larson was considered by this court in the case of State v. Brookshire, Mo., 368 S.W.2d 373. In that case defendant Brookshire was charged with murdering one Neiss and the information was quite similar to the indictment herein. It did not specifically charge the date that Neiss died. In overruling the contention that this made the information fatally defective, this court said, l.c. 381: "Defendant says that the information is fatally defective in that it does not allege the time of death of the victim and that such an allegation is necessary because if death does not occur within one year and a day after the date of the alleged act of homicide, it is not murder. That contention may be sound in cases where time is an issue such as in a case where due to circumstances a prosecution cannot be or is not begun until a year or more after a homicide. However, in the case before us, the information was filed December 9, 1960, charging that Brookshire shot and killed Neiss on November 9, 1960. The

trial was had in June, 1961, within less than one year after the fatal shooting. These facts appear on the court records. The omission of an allegation as to the time of death could not and did not prejudice the rights of the defendant. In such circumstances, what justification could any court give to remand the case for retrial? The answer is obvious. We rule the defendant was not prejudiced by the omission."

◼ Here, the indictment against Larson charged him with shooting and mortally wounding Bennie A. Hudson on November 25, 1960, from which mortal wound he did then and there die. The indictment was returned by the Grand Jury on December 5, 1960, and the case was disposed of on plea of guilty on February 10, 1961, which was much less than a year and a day after the alleged shooting. Better pleading would have included a specific allegation of the exact date on which Hudson died, but we hold that the indictment was not fatally defective under the facts of this case.

◼ The second point raised is that the trial court erred in failing to hold an evidentiary hearing on the allegation in Larson's 27.26 motion that his plea of guilty was involuntary.

Movant's pro se motion is not particularly well drafted or very complete, but it does show that movant was attempting to raise an issue of fact as to whether his plea was voluntary. Furthermore, the proceedings which took place when Larson entered his plea of guilty were a part of the record on which the trial court relied in holding that movant was not entitled to any relief, and those proceedings are set out in the transcript on appeal. They disclose that both attorneys appointed to represent Larson stated to the trial judge that after Larson was arrested he was beaten and mistreated and that subsequently he confessed. These statements by counsel were made as a part of the recitals to the court in connection with the punishment to

be imposed. They do not necessitate a conclusion that the guilty plea was not voluntary even it be found that a prior confession was coerced.

The ultimate issue in such a situation is whether the plea of guilty was voluntary. Knowles v. Gladden, 9 Cir., 378 F.2d 761; Vicory v. Willingham, 10 Cir., 354 F.2d 644. However, voluntariness of the confession and the treatment received at that time may be material if they affected the voluntariness of the plea of guilty. This is an issue of fact. Consequently, we hold that the allegations of movant's motion to vacate, coupled with the statements by counsel with respect to treatment of defendant, did indicate the existence of an issue of fact as to whether the plea of guilty was voluntary and the need for an evidentiary hearing on that issue.

Rule 27.26(h) provides for appointment of counsel where a motion presents questions of law or issues of fact. That was not done. Had counsel been appointed, he could and should have conferred with movant, obtained the facts and then filed an amended motion which would fully assert the claims made in the pro se motion as well as adding any and all other grounds for relief known to the prisoner. The allegations of the pro se motion, together with the information disclosed by the files and records, required the appointment of counsel in this case.

◼ We note further that the trial court made no findings of fact nor conclusions of law pursuant to Rule 27.26(i). The trial court's order recites only that after examining the files and records the court was satisfied that movant was not entitled to any relief. Such a recital is not a compliance with Rule 27.26(i). Gerberding v. State, Mo., 433 S.W.2d 820. We cannot make the type of review provided for in Rule 27.26(j) unless sufficient findings of fact and conclusions of law are made by the trial court. Crosswhite v. State, Mo., 426 S.W.2d 67. Such findings and conclu-

sions should be made by the trial court in this case following an evidentiary hearing on remand.

Reversed and remanded.

All of the Judges concur.