**Norman Stanford PAINTER, Appellant,**

**v.**

**STATE of Missouri, Respondent.**

**No. 53993.**

Supreme Court of Missouri,
Division No. 2.

March 10, 1969.

Johnson, Landis & Rice, James P. Landis, Neosho, for appellant.

Norman H. Anderson, Atty. Gen., John C. Klaffenbach, Asst. Atty. Gen., Jefferson City, for respondent.

FINCH, Presiding Judge.

This is an appeal from an order of the Circuit Court dismissing a motion to vacate sentence filed under Supreme Court Rule 27.26 (all references are to V.A.M.R.). We reverse and remand.

Norman Stanford Painter was sentenced on February 15, 1963, to imprisonment for ten years on a plea of guilty to burglary in the second degree for breaking into a schoolhouse. Thereafter, on May 20, 1967, Painter filed a motion to vacate under Rule 27.26 as it then existed. On August 28, 1967, the court heard counsel on said motion but Painter was not present and apparently there was no evidentiary hearing. The minute entry for that date recites that evidence was heard but the order subsequently entered on October 25, 1967, indicates that this had reference to receipt of the files and records of the court, including a transcript of what occurred when the plea of guilty was entered on February 15, 1963. The order of October 25, 1967, found that the files and records of the court conclusively established that the allegations in Painter's motion should be denied. The court further made a finding that Painter's presence was not necessary to a determination of the motion.

No timely appeal from the order of October 25, 1967, was taken, but on Decem-

ber 26, 1967, Painter filed in this court a pro se motion for special order to permit him to appeal out of time pursuant to Supreme Court Rule 28.07. At that time, an amended Rule 27.26 was in force (it had become effective September 1, 1967). The amended rule prescribed a form on which such motions should be filed, specified when counsel should be appointed and hearings held, and made various other detailed provisions with respect to such proceedings. Following adoption of that rule, this court in numerous instances had reversed and remanded cases for processing under the new rule, including evidentiary hearings where the allegations warranted. State v. Stidham, Mo., 415 S.W.2d 297.

This court on January 8, 1968, denied leave to Painter to file a special notice of appeal from the order dated October 25, 1967, but provided specifically in the order that it was without prejudice to the right of Painter to file a new motion under amended Rule 27.26 in the Circuit Court of McDonald County. Such order was consistent with the practice followed in Stidham and subsequent cases. It accomplished the same result as if a late notice of appeal had been permitted and subsequently the case had been reversed and remanded for handling under the new rule as directed in Stidham.

On February 26, 1968, Painter filed a new motion to vacate pursuant to amended Rule 27.26. After two different appointments of counsel were vacated for various reasons, the trial court on April 30, 1968, appointed Walter Walker to represent plaintiff. On that same date the prosecuting attorney filed a motion to dismiss Painter's motion to vacate on the ground that it failed to state a cause of action, and the court then set the case for hearing on May 21, 1968.

The State's motion to dismiss was taken up on May 21, 1968. Painter was not present at that time, but the matter was argued by the prosecuting attorney and by Mr. Walker as attorney for plaintiff. The records of the proceedings on August 28, 1967, and the order entered therein on October 25, 1967, were received in evidence, and the trial court indicated that he felt that that order was final because Painter did not appeal. The court asked Mr. Walker if he had anything else to present, and Mr. Walker stated that Painter felt that all the facts had not been presented to the court on the prior occasion. He then stated: "I think perhaps the movant's lack of opportunity to testify himself is the thing he is concerned with, and feeling that all the factual issues raised in his motion were not covered by the court record." The trial court then stated that the complete transcript at the time of the plea of guilty had been considered and proceeded to enter the following order: "Motion to Dismiss sustained for the reason that all the facts and grounds were heretofore considered and passed upon, and such judgment of the Court heretofore granted is now final and res adjudicata." An appeal was taken and new counsel was appointed to represent Painter on appeal.

■ The motion to vacate filed February 26, 1968, alleges that under § 560.090, RSMo 1959, V.A.M.S., breaking into a schoolhouse is a misdemeanor and that the movant understood he was being prosecuted under § 560.090 rather than § 560.070. It alleges that he did not agree to plead guilty to a felony. In this connection, the motion uses this language: "At the time the Court accepted his plea it (the Court) asked petitioner if he was guilty of the burglary. Petitioner told the Court that he was not guilty of any burglary, but that he had entered the Schoolhouse, albeit through a window which was already broken. Whereupon the Court asked if the defendant had gone into the Schoolhouse, and upon receiving affirmative reply, accepted it as a plea and imposed ten-year sentence." The motion to vacate further alleges that Painter did not intelligently and knowingly waive appointment of counsel at that time. There are other allegations, but the ones above enumerated are sufficient to show that an issue of fact was raised. It is

true, as the trial court indicated, that the transcript of what occurred when Painter entered his plea of guilty and was sentenced is not in accord with what Painter now asserts in his motion. Under such circumstances, however, the court cannot rely solely on the record which was made and ignore the allegation that what occurred was different than what the record shows. Under such circumstances, an evidentiary hearing is required. Rule 27.26(e) expressly states that "if the allegations thereof directly contradict the verity of records of the court, that issue shall be determined in the evidentiary hearing." State v. Garner, Mo., 412 S.W.2d 155. Painter has a right to be present at such hearing when it is held, Rule 27.26(g), and to testify. The trial court then will determine the issue of credibility presented and make findings as to what actually occurred.

■ The trial court expressed the view that there should be an end to successive proceedings for the same relief, and a similar view is contained in the brief on behalf of the State. That end, of course, is sought by the provisions of Rule 27.26(d) relating to successive motions. However, that paragraph of the rule is not applicable here. The first motion to vacate was filed under the old rule and presented to the court before the effective date of the amendment to the rule. The first motion did not verify that all known claims were presented, as is now required by Rule 27.26 (c) and by the verification to the prescribed form. The movant was not brought from the penitentiary for the hearing and had no opportunity to testify. He did not have an evidentiary hearing on the first motion. The order of this court made on January 8, 1968, plainly disclosed that Painter should have the right to file a motion to vacate under the amended rule without being prejudiced by the fact that an appeal was not heard from the order of October 25, 1967. Under the facts in this case, the order entered October 25, 1967, was not res adjudicata as to the issues raised by the second motion to vacate.

Accordingly, we reverse and remand this case for an evidentiary hearing. Appointed counsel for Painter should be afforded the opportunity to amend the motion to vacate pursuant to Rule 27.26(h) in order to clarify or expand any allegations therein or to include any and all other known grounds for relief, as required by Rule 27.26(c). Following an evidentiary hearing, at which Painter should be present, sufficient findings of fact and conclusions of law should be made pursuant to Rule 27.26(j). Gerberding v. State, Mo., 433 S.W.2d 820, and Larson v. State, Mo., 437 S.W.2d 67.

Reversed and remanded.

All of the Judges concur.