**Darrell Eugene RUSH, Movant-Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 53507.**

Supreme Court of Missouri,

Division No. 2.

March 10, 1969.

Robert G. Duncan, Pierce & Duncan, Kansas City, for appellant.

Norman H. Anderson, Atty. Gen., Walter W. Nowotny, Jr., Asst. Atty. Gen., Jefferson City, for respondent.

BARRETT, Commissioner.

On June 28, 1965, Darrell Eugene Rush, then age 20, represented by very competent court-appointed counsel, entered pleas of guilty to charges of stealing and to assault with intent to kill with malice and was sentenced to three years' imprisonment for the larceny and fifteen years for the assault, the sentences to be served consecutively without credit "for jail time." In brief, the circumstances were that on May 17, 1965, he was confined in the Clay County jail awaiting trial on a charge of burglary and larceny. On that date Rush and two other inmates of the jail, armed with clubs, "broken table legs," assaulted and beat a deputy sheriff in an attempt to escape. The deputy shot and killed one of his assailants and wounded the others. On June 28th the burglary charge was dismissed and Rush, after consultation with his attorney, entered a plea of guilty to the charges of stealing and assault.

The assault indictment charged that Rush "did then and there wilfully, unlawfully and feloniously on purpose and of *malice aforethought*, beat Tom Unger with a dangerous and deadly weapon, to wit; a wooden club, and with force likely to produce death or great bodily harm, with intent to kill and to do great bodily harm to the said Tom Unger." As indicated by the italicized words, "malice aforethought," the indictment charged Rush with an assault with a deadly weapon with malice which carries a punishment of "imprisonment in the penitentiary not less than two years." The judgment and sentence recite that "he has pleaded guilty to the crime of *assault with intent to kill*," there is no mention of malice. Rush's present counsel contends, in view of the latter finding, that the sentence of fifteen years is excessive and exceeds the maximum sentence "authorized by the judgment entered." In short, while the indictment charged an assault with *malice* under Section 559.180 the judgment in not including malice is an assault with intent to kill only under Section 559.190 in which the penalty is graded or mixed "not exceeding five years." In this state of the record the state concedes, the judgment making no reference to *malice*, that the cause should be remanded to the end that the trial court may "determine from the files and records if malice was in the judgment and should be corrected by a nunc pro tunc order." It is not necessary to discuss this point at length, it is fully and correctly set forth in the following cases: State v. Sayre, Mo., 420 S.W.2d 303;

State v. Hegwood, Mo., 415 S.W.2d 788; State v. Testerman, Mo., 408 S.W.2d 90.

It should have been pointed out in the beginning that the above-mentioned collateral point and the cause now in this court is an appeal from an order denying the appellant relief under a motion to vacate judgment and sentence under Criminal Rule 27.26 or perhaps 27.25. On September 14, 1967, Rush filed an amended motion to vacate, the motion is lengthy, combines argument of points, citation of authorities, some relevant and some irrelevant, all with a certain amount of unlettered ingenuity but not in conformity in either form, spirit or substance with amended rule 27.26 and the forms therein set forth. At one point the motion contains this allegation: "The movant was induced to enter a plea of guilty by an incompetent court-appointed Attorney to an accusation he did not understand and is without merit Constitutionally, and all on the same day the Court sentenced the movant without granting Allocution, which is all reversible error and fatally defective."

The record here properly includes a transcript of the proceedings and all that was said upon the plea of guilty on June 28, 1965. But following the amended motion to vacate, and on the following day the record recites "come state by Milton Sam Broome, assistant prosecuting attorney, *and defendant by Stephen V. Crain*, his attorney, and state and defendant request until Monday, October 23, 1967 to file briefs, and the court doth find said request be granted." The cause was then continued to October 26, 1967 and again to November 17, 1967 at which time the recital and, presumably, the judgment on the motion is:

"Now on this 17th day of November, 1967, come state by prosecuting attorney, *and the defendant, by Stephen V. Crain, his attorney*, and announce ready for hearing on defendant's motion to vacate judgment.

"Whereupon, defendant's motion to vacate judgment and sentence of the court is taken up by the court, *evidence heard*; and the court doth find that said motion be overruled."

Following this entry is Rush's motion to proceed "forma pauperis", his notice of appeal and the appointment of counsel to represent him on the appeal.

Appellant's counsel has briefed and orally argued the point that the court "erred in failing to hold an evidentiary hearing upon the allegations in appellant's motion to vacate sentence that he was induced to plead guilty and did not understand the nature and cause (sic) of the accusation against him." Counsel points to the statutes governing the substantive offense, to Machibroda v. United States, 368 U.S. 487, 82 S. Ct. 510, 7 L.Ed.2d 473, and State v. Stidham, Mo., 415 S.W.2d 297 and urges as the Stidham case holds when the motion "raises one or more issues of fact" that "The trial court then is required to conduct a full evidentiary hearing on the amended motion * * * after which the court then is to decide all issues of fact and questions of law, making findings of fact and conclusions of law as required by subparagraph (i) of amended S.Ct. Rule 27.-26." The state urges to the contrary, largely because of the conclusionary character of his charges (State v. Parker, Mo., 413 S.W.2d 489, 494) that an evidentiary hearing was not required on the allegation that he was "induced to plead guilty and did not understand the nature and cause of the accusation against him."

■ It would serve no useful purpose to belabor this subject, analyze the motion or characterize the proceedings or judgment —it is sufficient to say, as indicated, that an evidentiary hearing on any *fact issue* was required, including the transcript on the original plea (State v. Williams, Mo., 391 S.W.2d 227), and as indicated by the Stidham case a finding of fact and of law. The reason it is not necessary to elaborate

upon the assignment of error and demonstrate upon the record is that the entire subject is fully, elaborately and plainly spelled out in the concurrent decision of Painter v. State of Missouri, 438 S.W.2d 227, (No. 53,993). As there pointed out, upon similar allegations, an evidentiary hearing is required and that opinion should be followed in detail:

"Accordingly, we reverse and remand this case for an evidentiary hearing. Appointed counsel for Painter should be afforded the opportunity to amend the motion to vacate pursuant to Rule 27.-26(h) in order to clarify or expand any allegations therein or to include any and all other known grounds for relief as required by Rule 27.26(c). Following an evidentiary hearing, at which Painter should be present, sufficient findings of fact and conclusions of law should be made pursuant to Rule 27.26(j)."

In connection with the quotation it should be interpolated by way of emphasis that instead of the rambling pro se motion with its meaningless verbiage and irrelevant lists of cases, counsel should in the spirit of the amended rule, upon the form prescribed, file an amended motion thus presenting to the trial court in an orderly, lawyerlike manner the meritorious issues contemplated and subject to redress under the rule. See also Larson v. State of Missouri, 437 S.W.2d 67, No. 53,876, and Gerberding v. State, Mo., 433 S.W.2d 820.

For the reasons indicated the judgment is reversed and the cause remanded for the indicated purposes.

PER CURIAM:

The foregoing opinion by BARRETT, C., is adopted as the opinion of the court.

FINCH, P. J., and DONNELLY, MORGAN and HOLMAN, JJ., concur.

STOCKARD, C., not sitting.

PRITCHARD, C., concurs.