Jack L. NOBLE, Appellant,

v.

STATE of Missouri, Respondent.

No. 56290.

Supreme Court of Missouri,
Division No. 1.

March 13, 1972.

John C. Danforth, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City, for respondent.

Cook & Vetter, Thomas A. Vetter, Jefferson City, for appellant.

HIGGINS, Commissioner.

Appeal from denial, without evidentiary hearing, of motion under Criminal Rule 27.26, V.A.M.R., to vacate and set aside judgment of conviction of murder, first degree.

Jackie Lee Noble was indicted jointly with William R. Hoover, Paul Edward Kenton, James William Stidham, Rollie Laster, Don Wm. DeLapp, and Joseph M. Vidauri, and charged with first degree murder in the death of Walter Lee Donnell on September 22, 1954. All were inmates of the Missouri state penitentiary and Donnell's death occurred during a prison riot on that date. Upon separate trial on March 29, 1955, Noble was convicted by a jury which assessed his punishment at life imprisonment. A timely motion for new trial was filed but, by an instrument of July 18, 1955, signed by Noble and his lawyers, the motion was withdrawn, right of appeal was waived, sentence was requested in accordance with the verdict, and the court so acted.

On February 4, 1964, Noble filed, *pro se,* an application for relief under Criminal Rule 27.26, RSMo 1959, the thrust of which was a contention that withdrawal of his motion for new trial and waiver of his right to appeal were the products of an arrangement or conspiracy among prosecuting attorney, prison authorities, and defense counsel to detain him in solitary confinement until he waived or surrendered his right of appeal.

A hearing was accorded on this contention, after which the circuit court denied relief; and the denial was affirmed by the

supreme court on review *de novo*. State v. Noble, Mo., 387 S.W.2d 522.

Next was an application to the United States District Court for the Western District of Missouri for writ of habeas corpus. That court found that Noble had been afforded a full and fair evidentiary hearing on the contention as presented to the state court and reviewed *de novo* by the supreme court at 387 S.W.2d 522. However, that court also found that in his federal habeas corpus proceeding Noble attempted "to raise a second question not heretofore properly presented to the Missouri courts"; i. e., "that 'even if the alleged conspiracy did not exist, petitioner was pressured into abandoning his right to appeal by means which violate his constitutional rights,'" asserting that " 'it is possible that the State of Missouri in the operation of Missouri State Prison, has coerced petitioner into giving up his right to appeal.'" Noble v. Swenson, D.C.W.D.Mo., 285 F.Supp. 385, 387[4]. Accordingly, the federal court ruled that "obviously, the courts of Missouri have never determined such a claim on the merits," and held that such claim and all other new factual and legal claims concerning deprivation of petitioner's rights should be exhausted in the state courts, and remanded the cause for that purpose.

Pursuant to that decision on June 17, 1968, Noble, on July 2, 1968, filed, *pro se,* the present motion, alleging as grounds for relief:

"(a) The Court erred in excluding all persons not believing in Capitol [sic] punishment from the jury.

"(b) The verdict in this case was the result of prejudice on the part of the jury by reason of the continuous publicity and highly prejudicial statements released to the news medina [sic] by State Officials.

"(c) Petitioners constitutional rights were violated by not being permitted to consult with counsel or friends during questioning.

"(d) The Court erred in not permitting petitioner to consult nor obtain counsel after a request had been made to the Court at arraignment.

"(e) The Court erred in admitting over the objection and exception of petitioner inadmissable [sic] hearsay testimony by State witnesses.

"(f) The Court erred in permitting the prosecuting attorney to display an assortment of weapons before the jury without intering [sic] said weapons into evidence as exhibits.

"(g) The Court erred in permitting the prosecuting attorney to comment on petitioners failure to testify.

"(h) The Court erred in admitting over the objection and exception of petitioner inadmissable [sic] hearsay testimony by State witnesses relating the contents of oral and written confessions preported [sic] to have been made by petitioners co-defendants.

"(i) The Court erred in admitting over the objection and exception of petitioner highly prejudicial circumstancial [sic] evidence.

"(j) The Court erred in permitting the jury to consider and convict petitioner of conspiracy when there was an absence of any evidence showing petitioner had any knowledge or connection with the crime charged until after it was committed.

"(k) Petitioner was presured [sic] and coerced into abanding [sic] his right to appeal by means that violate his constitutional rights.

"(l) The Court erred in reading instructions 5 and 6 to the jury.

"(m) The indictment is defective and invalid for it failed to state definitely the essential facts constituing [sic] the offense charged. Sec. 545.040 R.S.1949; Fed. Rule 7(c)."

Counsel for movant was appointed July 10, 1968; the regular judge of the Cole

County Circuit Court disqualified himself September 11, 1969, and, on September 23, 1969, the Honorable George P. Adams was appointed special judge.

On March 25, 1970, the State moved to dismiss the motion for relief on the ground it failed to state a cause of action. On May 14, 1970, the motion to dismiss was argued, submitted, and taken under advisement. On July 17, 1970, movant filed for summary judgment denying the motion to dismiss on grounds of inordinate delay. On October 30, 1970, the court overruled Noble's motion for summary judgment and denied his motion for relief under Rule 27.26 without hearing, with these findings of fact and conclusions of law:

## "FINDINGS OF FACT

"1. On March 29, 1955, movant was found guilty of the offense of first degree murder by a jury in the Circuit Court of Cole County, Missouri, and his punishment was assessed at life imprisonment.

"2. On April 28, 1955, a motion for new trial was filed on movant's behalf by his attorneys.

"3. On July 18, 1955, movant withdrew his motion for new trial, waived his right to appeal, and requested the court to enter judgment imposing sentence upon him in accordance with the verdict of the jury. Allocution was accorded and defendant was sentenced to life imprisonment in accordance with the verdict of the jury.

"4. On February 4, 1964, movant filed pro se 'Writ of Habeas Corpus' in the Circuit Court of Cole County, Missouri, which by mutual agreement of the parties was treated as a motion to vacate said judgment and sentence under Supreme Court Rule 27.26.

"5. On March 5, 1964, the Circuit Court of Cole County, Missouri entered its order denying movant relief under said rule without making findings of fact or conclusions of law.

"6. On February 8, 1965, the Supreme Court of Missouri affirmed the order of the Circuit Court of Cole County, Missouri denying movant relief. 387 S.W.2d 522.

"7. On July 2, 1968, while movant was confined in the custody of the Department of Corrections, he filed a Motion to Vacate said Judgment and Sentence under said Rule 27.26.

"8. On July 10, 1968, the Honorable Granville E. Collins was appointed counsel for movant.

"9. On September 11, 1969, the Honorable James T. Riley, regular judge of the Circuit Court of Cole County, Missouri, disqualified himself and on September 23, 1969, the Honorable George P. Adams, Judge of the 12th Judicial Circuit of Missouri was by order of the Supreme Court temporarily transferred to the Circuit Court of Cole County, Missouri to sit in this cause.

"10. On March 25, 1970, respondent filed its Motion to Dismiss herein which said motion was heard on April 14 [May 14], 1970.

## "CONCLUSIONS OF LAW

"1. Grounds 8(a), (b), (c), (d), (e), (f), (g), (h), (i), (j) and (1) constitute trial errors and are not cognizable under a motion filed pursuant to Supreme Court Rule 27.26. Rule 27.26(b) (3); State vs. [Hooper] Hopper, Mo.Sup., 399 S.W.2d 115, 117(4).

"2. Ground 8(d) of movant's said motion does not allege that movant was prejudiced by the alleged failure to appoint counsel for him in the Magistrate Court and, therefore, does not constitute a ground for setting aside his judgment and sentence. State vs. Smith, Mo.Sup., 411 S.W.2d 208, 209(2).

"3. Ground 8(k) of movant's said motion was adjudicated adversely to movant in State vs. Noble, Mo.Sup., 387 S.W.2d 522.

"Further, this alleged violation of movant's constitutional rights is not cognizable by the trial court but must be directed to the appellate court which court alone would have the right to grant his appeal herein.

"4. The indictment upon which movant was tried was not fatally defective for the reason that it adequately and sufficiently informed the defendant of the particular offense with which he was charged.

"5. Movant's 'Motion for Summary Judgment' is not appropriate in this proceeding for the reason that it does not seek the judgment of this court based upon the allegations of movant's Motion to Vacate but upon matters allegedly occurring subsequent to the filing of said Motion to Vacate and the hearing of respondent's Motion to Dismiss.

"6. No cognizable issues of fact are raised by movant's said motion and the files and records of this case conclusively show that movant is entitled to no relief under said motion.

"7. The sentencing herein was not imposed in violation of the constitution and laws of this state or of the United States; this court was not without jurisdiction to impose said sentence; said sentence was not in excess of the maximum sentence authorized by law; and said sentence is not otherwise subject to collateral attack."

Appellant's principal contention is that the court erred in denying movant a hearing, particularly on its conclusion of law 3 that ground 8(k) was adjudicated adversely against appellant in State v. Noble, Mo., 387 S.W.2d 522; respondent counters, asserting that denial of relief without an evidentiary hearing was proper because this second motion under Rule 27.26 presented no new issue of fact requiring a hearing. The issue then is whether a new fact issue was presented to require an evidentiary hearing.

State v. Noble, supra, determined only that the statement in defense counsel's let- ter that arrangements would be made for movant's release from solitary confinement as soon as the motion for new trial had been withdrawn did not prove arrangement among prosecutor, prison authorities, and defense counsel to coerce movant into surrendering his right of appeal; and that movant failed to sustain his burden of establishing agreement among prosecutor, prison officials, and his counsel to detain him in solitary confinement until he waived his right of appeal. State v. Noble, Mo., supra, 387 S.W.2d l. c. 527[2–4].

Movant's present assertion is that "Petitioner was presured [sic] and coerced into abanding [sic] his right to appeal by means that violate his constitutional rights." This assertion, although made and paraphrased inartfully and without assistance of counsel, is nevertheless an assertion of the new ground for relief recognized by the federal court, i. e., that " 'even if the alleged conspiracy did not exist' " (as found against appellant in State v. Noble, supra), movant is asserting that he " 'was pressured into abandoning his right to appeal by means which violate his constitutional rights,' " in that " 'it is possible that the State of Missouri in the operation of Missouri State Prison, has coerced petitioner into giving up his right to appeal.' "

As noted by the federal court and as shown by comparison of the present allegation to the prior record, such claim was not determined previously in State v. Noble, supra.

Accordingly, the cause should be reversed and remanded for an evidentiary hearing. Counsel for movant should be afforded opportunity to amend the present motion to vacate in order to clarify or expand any allegations therein or to include any and all other known grounds for relief as required by Criminal Rule 27.26(c), V. A.M.R. Following an evidentiary hearing, at which movant should be present, sufficient findings of fact and conclusions of law should be made as to all issues pur-

suant to Criminal Rule 27.26(j). Painter v. State, Mo., 438 S.W.2d 227, 229[2]; Rush v. State, Mo., 439 S.W.2d 504, 507[2].

Judgment is reversed and the cause remanded for the indicated purposes.

WELBORN, C., concurs.

PER CURIAM:

The foregoing opinion by HIGGINS, C., is adopted as the opinion of the court.

HOLMAN, P. J., SEILER, J., and PRITCHARD, Special J., concur.

BARDGETT, J., not sitting.