Wilburn Jerome **GERBERDING**, Movant-Appellant,

v.

**STATE of Missouri**, Respondent.

No. 53720.

Supreme Court of Missouri,
Division No. 2.

Nov. 12, 1968.

Robert G. Duncan, Lewis E. Pierce, Pierce, Duncan, Beitling & Shute, Kansas City, for appellant.

Norman H. Anderson, Atty. Gen., O. Hampton Stevens, Asst. Atty. Gen., Jefferson City, for respondent.

FINCH, Presiding Judge.

This is an appeal from the judgment of the trial court overruling, without an evidentiary hearing, movant's motion to vacate judgment and sentence under Supreme Court Rule 27.26, V.A.M.R. We reverse and remand for an evidentiary hearing.

Defendant originally was charged with robbery in the first degree with a dangerous and deadly weapon. He was prosecuted under the then applicable Second Offender Act (§§ 556.280 and 556.290, RSMo 1949), being charged in the indictment with three prior felony convictions, two in Illinois and one in Georgia.

The jury verdict in that case was as follows: "We, the jury in the above entitled cause, find the defendant guilty of robbery in the first degree by means of a dangerous and deadly weapon. We further find the defendant has been formerly convicted of a felony and assess his punishment at imprisonment in the State Penitentiary for the remainder of his Natural Life."

That conviction was affirmed on appeal. State v. Gerberding, Mo., 272 S.W.2d 230.

On February 9, 1968, movant filed his motion to vacate under Rule 27.26. It asserted ten grounds as a basis for the relief sought. The trial court overruled that motion on February 19, 1968. The order entered denied relief "on the ground that 'the motion and the files and the records of the case conclusively show that the prisoner is entitled to no relief.'"

On appeal, movant first briefs the proposition that the verdict in his original trial finding him guilty under the Second Offender Act was insufficient and not responsive to the charge. The instructions to the jury in movant's case had informed them as to what facts they must find with respect to any of the claimed prior convictions before the jury could assess maximum punishment for the offense on which movant was being prosecuted. Nevertheless, movant asserts that the facts found must be recited in the jury's verdict. Movant cites State v. Garrison, Mo., 305 S.W.2d 447, as so holding. If sustained, this contention would require that the prior judgment and sentence be vacated, without the necessity of an evidentiary hearing on the 27.26 motion, and the cause would be

remanded for a new trial. Hence, we proceed first to consider this question.

An examination of the appeal transcript in the Garrison case discloses that the verdict therein read as follows: "We, the jury, find the defendant William Marion Garrison guilty as charged in the information, and we further find that previous to the committing of said offense the said William Marion Garrison had been convicted of a felony, to-wit; forgery, under the laws of Missouri and imprisoned therefor in the State penitentiary and discharged in compliance with the said sentence, all as charged in the information, and we assess his punishment for the said offense of which he is now charged at imprisonment in the penitentiary for a term of ten (10) years."

Actually, there was no attack on the sufficiency of the verdict in the Garrison case. The verdict was not mentioned in defendant's motion for new trial and the question of what a verdict finding the commission of a prior felony must contain was not in issue. It is true that in the course of the opinion the court said, 305 S.W.2d 1. c. 451: "Now, the jury must be convinced and find in its verdict that the defendant charged as an habitual criminal was in fact convicted, sentenced and discharged or pardoned upon compliance with the sentence prior to commission of the crime for which he is being tried before it is required to assess the added penalty fixed by the statute."

Movant relies on the above quotation and contends that it amounts to a holding that a verdict which says "we further find the defendant has been formerly convicted of a felony" is insufficient and not responsive to the charge. We disagree. Under the facts in that case as disclosed by the transcript on appeal, the language

quoted merely says that the verdict containing a detailed recital of the facts found was a sufficient verdict. It is not a holding that a verdict to be valid must contain all of the specific recitals which that verdict contained.

There are other Missouri cases which uphold the sufficiency of the verdict returned against movant in his original trial. In State v. King, Mo., 380 S.W.2d 370, certiorari denied 379 U.S. 979, 85 S.Ct. 681, 13 L.Ed.2d 569 (decided subsequently to Garrison), Division One of this Court dealt expressly with the sufficiency of a similar verdict, which read: "We the Jury in the above entitled cause, find the defendant guilty of Robbery in the first degree by means of a dangerous and deadly weapon, as charged. We further find the defendant has been formerly convicted of a felony and assess his punishment at imprisonment in the State Penitentiary for the remainder of his natural life." The finding with respect to a prior conviction was identical to that in the verdict in the Gerberding case. King contended that the verdict was too vague and indefinite to constitute a finding of a prior felony conviction, sentencing thereon, imprisonment and discharge. This contention was overruled, the court holding, 380 S.W.2d 1. c. 376, that "the verdict was sufficient in form and substance to support the judgment entered in the case. See State v. Charles, Mo.Sup., 268 S.W.2d 830, 832[1]; State v. Jonas, Mo.Sup., 260 S.W.2d 3, 6[6–7]; State v. Hite, Mo.Sup., 298 S.W.2d 411, 413 [6–7]."

In State v. Charles, cited in the King case, supra, the opinion referred to earlier cases which considered similar verdicts and then said, 268 S.W.2d 1. c. 832: "It was there held that specific findings as to the several prior convictions were proper but not required."[1]

---

I. Other cases holding that under the Second Offender Act, under which Gerberding was prosecuted, a verdict with a general finding such as that contained in the verdict convicting Gerberding was sufficient are State v. Ortell, Mo., 50 S.W.2d

1037; State v. Hagerman, 361 Mo. 994, 238 S.W.2d 327; State v. Foster, Mo., 251 S.W.2d 675; State v. Kelley, Mo., 258 S.W.2d 611; State v. Martin, Mo., 275 S.W.2d 336; State v. Ash, Mo., 286 S.W.2d 808.

We overrule movant's contention that the original verdict was insufficient.

■ Movant's brief next asserts that the judgment and sentence should be vacated because evidence was received by the jury of a prior conviction in the State of Illinois which was void because of an asserted unconstitutional denial of counsel therein. To sustain this contention, movant cites and relies on Burgett v. State of Texas, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed. 2d 319.

In Burgett the defendant was prosecuted for assault with malice aforethought with intent to murder. The indictment was returned under the Texas recidivist statute and alleged various prior convictions of Burgett. In Texas, as was the case in Missouri at the time movant herein was tried, evidence of such prior convictions was introduced before the jury and the jury then fixed the defendant's punishment. The State of Texas introduced in evidence two different records with respect to a prior Tennessee conviction alleged in the indictment. One record indicated that defendant had not been represented by counsel. The other omitted any reference to counsel but did not show a waiver of counsel. The Supreme Court of the United States held that these records raised a presumption that defendant had been denied his right to counsel in the Tennessee proceeding and therefore that such conviction was void. It then held, 389 U.S. l. c. 115, 88 S.Ct. l. c. 262, 19 L.Ed.2d l. c. 324, that "To permit a conviction obtained in violation of Gideon v. Wainwright to be used against a person either to support guilt or enhance punishment for another offense (see Greer v. Beto, 384 U.S. 269, 86 S.Ct. 1477, [16 L.Ed.2d 526]) is to erode the principle of that case. Worse yet, since the defect in the prior conviction was denial of the right to counsel, the accused in effect suffers anew from the deprivation of that Sixth Amendment right." Actually, the trial court, after receiving records of prior convictions in evidence, instructed the jury to disregard such convictions, but nevertheless the Supreme Court of the United States held the admission of such records was prejudicially erroneous and reversed the case.

Movant's motion to vacate, in paragraph 8(g), made the following allegations with reference to this issue:

"Movant was denied due process of law under the Vth and XIVth Amendments to the United States Constitution and Sections 10 and 18(a) of Article I of the Missouri Constitution in that evidence of an alleged prior conviction of the defendant was admitted in evidence in the presence and hearing of the jury, when said conviction resulted from an unconstitutional denial of the right to be represented by counsel under the VIth and XIVth [Amendments] to the United States Constitution and Sections 10 and 18(a) of Article I of the Missouri Constitution."

We, of course, are bound by the decision in Burgett. However, we cannot, on the basis of the files and records before us, vacate movant's original conviction as the Supreme Court did in Burgett. The transcript in defendant's original direct appeal (on file in this court) contains certain information with respect to State's Exhibit 30, which apparently was the evidence of defendant's conviction in the State of Illinois, but the actual exhibit which was introduced in evidence is not in the files and hence is not before us for examination and consideration on this appeal. Movant actually sought an evidentiary hearing on this issue because he asserted in paragraph 9(g) of his motion that he would support this claim by offering in evidence the transcript in his original trial, as well as his personal testimony that he was not in fact represented by counsel and did not intelligently waive counsel. At an evidentiary hearing, the actual Illinois judgment of conviction could be offered in evidence and examined by the trial court, and the court could hear any oral testimony offered by the movant. In addition, the State would have the op-

portunity to show by other records in said proceeding, or otherwise, if possible, that movant did have counsel or that he intelligently waived such counsel. It appears to us that movant is entitled to an evidentiary hearing to show, if he can, that the facts with respect to the Illinois conviction fall within the doctrine of Burgett. We find nothing in the State's brief to cause us to reach a contrary conclusion with respect to the application of Burgett or what we should do thereunder. As a matter of fact, the State's brief does not discuss nor even mention the Burgett case, although it had been cited, discussed and relied upon in movant's brief in this court. We hold that movant is entitled to have an evidentiary hearing on this issue.

Finally, movant's brief on appeal asserts that he is entitled to an evidentiary hearing on his motion to vacate because it raised various other issues of fact which could not be determined from the files and records of the case and which, if established, would entitle him to relief. We already have held that movant is to receive an evidentiary hearing. Consequently, we do not undertake at this time to consider nor express any view with reference to the other assignments asserted in movant's motion to vacate. If the other assignments assert grounds which could be a basis for post-conviction relief, and if disputed issues of fact are involved, the movant will have an opportunity to offer evidence thereon at his evidentiary hearing.

■ We do point out, however, that one claim asserted by movant may not be reached by a motion under Rule 27.26. Movant, in paragraph 8(c), claims that his original appeal was neither briefed nor argued by his counsel, thus depriving him of effective assistance of counsel. We have heretofore held that such a claim is not properly addressed to the trial court and that such relief may not be granted in a proceeding under Rule 27.26. State v. Schaffer, Mo., 383 S.W.2d 698, 700[7, 8].

In Swenson v. Bosler, 386 U.S. 258, 87 S.Ct. 996, 18 L.Ed.2d 33, and Swenson v. Donnell, 8 Cir., 382 F.2d 248, it was held that an indigent defendant is entitled to be represented by counsel on appeal and to have his case briefed by counsel. The defendants in both of those cases had been represented by appointed counsel, neither of whom filed any brief on their original appeal. The absence of such brief entitled those defendants to have the affirmance of their conviction set aside, the appeal redocketed, counsel appointed and directions given to such counsel to file briefs on behalf of said defendants. Such relief was given on motion filed in this court.

■ If movant is entitled to relief under the doctrine of Bosler or Donnell, he must seek that relief from this court rather than in a motion filed in the trial court under Rule 27.26.

■ Finally, we note that the trial court's judgment herein did not comply with the requirement under Supreme Court Rule 27.26(i) that he make findings of fact and conclusions of law on all issues presented, regardless of the fact that an evidentiary hearing was not held. A mere recital that the motion, files and records conclusively show that movant is entitled to no relief is not a compliance with Rule 27.26(i).

■ Supreme Court Rule 27.26(j) provides that "Appellate review shall be limited to a determination of whether the findings, conclusions and judgment of the trial court are clearly erroneous." This is the type of review which this court will make. Crosswhite v. State, Mo., 426 S.W.2d 67. Such a review is possible only where the trial court makes adequate findings of fact and conclusions of law on all issues presented in accordance with the express requirements of Rule 27.26(i). Compliance with that rule is essential.

On remand, after holding the evidentiary hearing, findings of fact and conclusions

of law on all issues presented should be entered.

Reversed and remanded.

EAGER, J., and MEYERS, Special Judge, concur.

DONNELLY, J., not sitting.