**STATE of Missouri, Respondent,**

v.

**Titus BROWN, Appellant.**

**No. 53642.**

Supreme Court of Missouri,
Division No. 1.

Jan. 13, 1969.

Rehearing Denied Feb. 10, 1969.

Norman H. Anderson, Atty. Gen., B. J. Jones, Asst. Atty. Gen., Jefferson City, for respondent.

Glenn L. Moller, St. Louis, for defendant-appellant.

SEILER, Judge.

Defendant appeals from the order of the trial court overruling "Motion to Vacate under Rules 27.25 and 27.26". The original motion was filed pro se June 28, 1966. It was first denied without a hearing, but upon a motion to reconsider, the trial court held an evidentiary hearing and then again denied the motion, after making incomplete findings of fact and conclusions of law. On appeal, we remanded the cause for further proceedings under Rule 27.26 as amended (the amendment was effective September 1, 1967) V.A.M.R. in accordance with the procedure outlined in State v. Stidham, (Mo.Sup.) 415 S.W.2d 297, and also for further proceedings under Rule 27.25 if defendant desired to prosecute further his motion to withdraw his pleas of guilty. A new motion was then filed under 27.26 as amended which the trial court treated as a combined motion under Rule 27.25 and Rule 27.26 and denied.

However, the trial court did not comply with our order which cited State v. Stidham, supra, or with Rule 27.26 as amended. The trial court failed to hold an evidentiary hearing as required by 27.26(e) if issues of fact are raised in the motion, as they were here, and failed to make findings of fact and conclusions of law on all issues presented, as required by 27.26(i).

■ As to the hearing, what the court did was to use the transcript of the first hearing and tell counsel for defendant to file whatever affidavit defendant wanted to make in lieu of a hearing (which defendant did) and the court then passed on the matter, overruling the motion. This, of course, cannot be accepted as the evidentiary hearing required by Rule 27.26. The rule means a hearing, on notice, where

defendant is present and represented by counsel and where testimony is heard on the issues raised. This is the only way the trial court can flush out what is involved in these post-conviction proceedings and determine whether there is or is not merit to the claims. The rule places this responsibility squarely on the trial court. By this we do not mean to foreclose the use of the transcript of testimony at the previous hearing, so far as it may be material under the issues in the amended motion. But it cannot be used to avoid a new hearing on the amended motion.

As to the findings of fact, the trial court sidestepped its responsibility in several instances. For example, on the fact issue of whether or not defendant's original appointed counsel (not present counsel) pleaded defendant guilty under a mistaken idea that defendant was charged with one or more charges of first degree murder when, in fact, defendant was charged with first degree robbery and two charges of assault with intent to kill with malice, the court merely found this was "One of the contested issues." On the issue of whether defendant entered the guilty pleas voluntarily, the trial court entered a conclusion of law that defendant did so, but made no specific findings of fact on the issue, even though defendant is contending his guilty pleas were the result of importuning by his counsel and threats by the prosecutor and that the trial court did not thoroughly investigate the circumstances under which the pleas were made, State v. Mountjoy (Mo. Sup.) 420 S.W.2d 316, 323.

■ Again, on the fact issue of whether the prosecution told defendant and counsel the state had a confession, which was accepted by defendant's counsel and entered into his advice to plead guilty, despite defendant's contention he is innocent, had no recollection of signing any statement or confession and that during the time such confession was obtained, if he gave one, he was under hospital drugs and not rational, the court again made no find-

ing of fact but stated this was "One of the contested issues" and then dismissed the confession aspect as "Not a material allegation, confession was not used" and "This occurred prior to June 13, 1965", apparently having reference to Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (we assume that the court meant 1966). This overlooks the fact that even if a confession were obtained prior to Miranda, if it were involuntary it would not be admissible against defendant, or its existence could not be used against him as a threat or to create a belief that having made a confession, it would be futile to protest or resist further and he might as well plead guilty.

■ As we have repeatedly pointed out, our review of 27.26 proceedings is by Rule 27.26(j), " * * * limited to a determination of whether the findings, conclusions and judgment of the trial court are clearly erroneous", Crosswhite v. State (Mo. Sup.) 426 S.W.2d 67. And as said in Gerberding v. State (Mo.Sup.) 433 S.W.2d 820, decided November 12, 1968, "Such a review is possible only where the trial court makes adequate findings of fact and conclusions of law on all issues presented in accordance with the express requirements of Rule 27.26(i). Compliance with that rule is essential." To which we add, also, that *both* types of findings must be present—facts as well as law. One does not supply the other.

The cause is therefore reversed and remanded, for an evidentiary hearing on all issues presented, both as to withdrawal of guilty pleas and as to vacation of judgment and sentence, after which findings of fact and conclusions of law on all issues presented should be entered.

Reversed and remanded.

BILLINGS, Special Judge, concurs.

STORCKMAN, J., concurs in result.

HENLEY, P. J., not sitting.