Sanford THOMAS, Appellant,

v.

STATE of Missouri, Respondent.

No. 56216.

Supreme Court of Missouri, Division No. 1.

April 12, 1971.

Jack M. Chasnoff, Clayton, for movant-appellant.

John C. Danforth, Atty. Gen., Gene E. Voigts, First Asst. Atty. Gen., Jefferson City, for respondent.

HOUSER, Commissioner.

Appeal from a ruling of the Circuit Court of the City of St. Louis denying the amended motion of Sanford Thomas filed under Criminal Rule 27.26, V.A.M.R., to vacate the judgment of conviction entered in that court finding him guilty of murder in the first degree and sentencing him to life imprisonment.

One Frederick Brown, Jr., pleaded guilty to the robbery and murder of John Dougherty, a taxi driver, in his taxicab. During the investigation of his case Brown made a confession implicating movant, who was charged, tried by a jury and convicted of first degree murder. Brown was not called and did not testify at the murder trial. Movant appealed to this Court, which affirmed the judgment of conviction. State v. Thomas, Mo.Sup., 440 S.W.2d 467. While movant and Brown were serving life sentences movant received from Brown a sworn affidavit stating that movant had left the taxicab before the stabbing and robbery took place, and had not participated with Brown in the murder and robbery.

In his motion to vacate movant alleged inter alia that (1) "The quality of legal representation received by the defendant at his trial was such as to constitute a fraud upon him and the court and to destroy any possibility of his receiving a fair trial," and (2) that "The court and the defendant, through his attorney, were substantially misled by false statements made by the prosecuting attorney [naming him], about the lack of availability of the witness, Fredrick Brown."

The circuit court held an evidentiary hearing. Movant Sanford Thomas, his mother Dorothy Thomas and one Frederick Brown, Jr., testified in support of the motion to vacate. Movant's attorney at the original trial and on the first appeal testified for the State.

Testimony was introduced on behalf of movant in an effort to establish that in a number of respects movant's lawyer at the murder trial was guilty of gross neglect in preparing for trial; that he was derelict in not advising movant of his rights before and at the trial, and in not advising movant that he had previously represented the victim of the crime and the victim's wife, and in sum, that the lawyer's representation deprived movant of a fair trial. The attorney testified at length in justification of his representation. There was evidence that

during the trial of the murder case the prosecuting attorney told the court, defendant and defendant's counsel that the witness Frederick Brown, Jr., could not attend the trial because he had hepatitis but that in fact he did not have hepatitis or any other disease and could have been produced at the trial. Brown testified at the 27.26 hearing that movant was not present in the cab at the time of the murder and robbery; that he had left the cab before this occurred; that movant did not participate in the murder and robbery, and undertook to account for his incrimination of movant by explaining that he used Sanford Thomas "as a guinea pig to get away from two guys, one was with me in the cab when the stabbing took place * * *. The way I used him was to get the police off the track of the other guys"; that he was protecting someone else.

At the conclusion of the testimony at the 27.26 hearing the trial judge made a 9-page statement of record. He discussed a number of subjects at some length, including the conduct of the prosecuting attorney in connection with the availability of the witnesses and the conduct of defendant's attorney, at the original trial, but made no specific findings of fact or conclusions of law with respect to either. On the contrary, he limited the scope of his order as follows: " * * * the only thing I'm ruling on, making a finding of fact and ruling of law is, is he entitled to come back and take the second bite at the cherry." After remarking that movant had had a trial and an appeal, prosecuted "all the way through" by the same attorney who represented defendant at the trial, he denied the motion to vacate "[o]n the consideration of all of the testimony."

On this appeal movant assigns 9 errors, (1) in failing to make findings of fact or conclusions of law as required by Supreme Court Rule 27.26(i); in not finding as a fact that movant's attorney (2) had only one interview of approximately 15 minutes' duration with Sanford Thomas in the 10½ month period between his surrender to the police and the trial; (3) failed to interview witnesses in preparation for the murder trial; (4) failed to inform Sanford Thomas that he had represented the victim of the murder; (5) called Sanford Thomas to testify at his own trial without discussing with him his right not to testify; in not drawing a conclusion of law (6) that the attorney's representation was such as to constitute a fraud upon Sanford Thomas and the court and to destroy any possibility of his receiving a fair trial; (7) that the prosecuting attorney made false and misleading statements about the lack of availability of the witness Frederick Brown, Jr.; (8) that the court and defendant, through his attorney, were substantially misled by such statements, and (9) in denying the motion instead of vacating the judgment and sentence on the ground that the trial did not meet the required standard of fairness.

■ By Civil Rule 27.26(j) our review of 27.26 proceedings is limited to a determination of whether the findings, conclusions and judgment of the trial court are clearly erroneous. Crosswhite v. State, Mo. Sup., 426 S.W.2d 67. "Such a review is possible only where the trial court makes adequate findings of fact and conclusions of law on all issues presented in accordance with the express requirements of Rule 27.-26(i). Compliance with that rule is essential." Gerberding v. State, Mo.Sup., 433 S.W.2d 820, 824. In a similar situation, in which the trial court failed to make findings of fact and conclusions of law, this Court defined the several contested issues upon which the trial court "sidestepped its responsibility" by failing to make findings and conclusions, and for that reason reversed the judgment and remanded the cause for a new evidentiary hearing and for the entry of both findings of fact and conclusions of law on all issues presented. State v. Brown, Mo.Sup., 436 S.W.2d 724.

■ The trial judge's 9-page dissertation did not comply with the requirements of the rule; did not constitute findings of fact and conclusions of law on the several issues

**516**

presented, and is insufficient to enable this Court to make an intelligent review of the matter as contemplated by the rule. No specific findings of fact or conclusions of law were made on the nine areas of disagreement which were in issue and which form the subject matter of appellant's assignments of error. Only by implication may it be said that the court ruled on these questions. A ruling by implication is not a sufficient basis for a 27.26 appellate review. A reviewing court cannot determine whether a trial court's findings of fact and conclusions of law are clearly erroneous where the trial court does not make findings of fact or draw conclusions of law.

■ Instead of holding the appeal in abeyance pending receipt by this Court of more complete and definite findings of fact and conclusions of law on special remand, and then preparing our final opinion on this appeal, as we have done in several cases, the proper order in this case is to reverse the judgment and remand the cause for an entirely new evidentiary hearing, in view of the fact that the trial judge who conducted the 27.26 hearing has retired. A new judge will be conducting a new hearing of the motion to vacate. The parties or the court may desire the recall of some or all of the witnesses who testified at the first 27.26 hearing for the purpose of repeating their testimony before the new judge in order that he may see and hear them testify in person. It may be advisable to more fully explore some of the questions raised at the first 27.26 hearing, either in the form of additional testimony from the witnesses who previously testified or new testimony from other witnesses who did not then testify. On the conduct of the new hearing see State v. Brown, supra, 436 S.W. 2d l. c. 725 [1].

Accordingly, the judgment is reversed and the cause is remanded for a new evidentiary hearing of the motion to vacate, giving movant Sanford Thomas an opportunity to be present and assisted by counsel, following which the court, in compliance with Rule 27.26(i), is directed to make specific findings of fact and conclusions of law on all issues presented.

WELBORN and HIGGINS, CC., concur.

PER CURIAM.

The foregoing opinion by HOUSER, C., is adopted as the opinion of the court.

SEILER, P. J., and BARDGETT, J., concur.

HOLMAN, J., concurs in result.