STATE of Missouri, Plaintiff-Respondent,

v.

David McCULLOUGH, Defendant-Appellant.

No. 9272.

Missouri Court of Appeals,
Springfield District.

March 28, 1973.

Dan L. Birdsong, Rolla, for defendant-appellant.

John C. Danforth, Atty. Gen., Charles B. Blackmar, Sp. Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

PAUL E. CARVER, Special Judge.

Appellant was charged in the Circuit Court of Phelps County, Missouri, with the possession of "mescaline", a hypnotic and hallucinogenic drug prohibited by Chapter 195, RSMo 1969, V.A.M.S.

On February 25, 1971, appellant entered a plea of guilty to said charge and on the same day was sentenced to a term of three years confinement under the supervision of the State Department of Corrections of the State of Missouri. On October 27, 1971, appellant filed in the Circuit Court of Phelps County his motion to vacate under Rule 27.26, V.A.M.R. This motion was denied and an appeal followed to this court.

The appellant's request for relief, as stated in his motion, is:

"The plea of guilty was involuntaily [sic] entered without full understanding of the law in relation to the facts, inadvertently made through coercive threats on the part of the prosecutor."

In his Supplemental Brief attached to his motion he further contends:

"Defendant-movant respectfully submits and contends that the foregoing facts clearly show that the plea of guilty was involuntarily made through the coercive actions and statements on the part of the prosecutor and, as well, that there was no factual basis for the alleged offense, making it apparent that the defendant-movant entered the plea of guilty without a complete understanding of the law in relation to the facts . . . . It is reasonably clear that had the Court complied with the provisions of *Missouri Supreme Court Rule 25.04*—requiring that the court 'shall not accept the plea *without first determining* that the *plea is made voluntarily with understanding* of the nature of the charge . . '—such plea of guilty would have been rejected by the Court because:

"(1) There was no substantial proof or evidence to establish that the alleged drugs, or 'ten capsules' had ever been in existence, much less in the 'possession'

of defendant-movant, as no drugs had ever been introduced into evidence or shown to have been in his possession, either at the investigstive [sic] stage by the police, at the preliminary hearing, or at any other time.

"(2) The perjurious testimony of Betty Pointer, even if it could be construed as a foundation for the alleged offense charged, was wholly unsupported—which would have been revealed to the Court and which will be shown upon the evidentiary hearing on the within Motion.

"(3) Under such circumstances, it would have been revealed to the Court that the defendant-movant could not intelligently and understandingly enter the plea of guilty, where the alleged offense was wanting in proof and evidence, and that the plea of guilty was involuntarily made through the combination of coercion and lack of understanding as to the nature of the charge against him."

William Floyd Howard, an inmate of the Missouri State Penitentiary, appeared as a witness at the hearing on appellant's Rule 27.26 Motion. Appellant also appeared. Their evidence was identical as to "plea bargaining" and entering of pleas of guilty. Howard's and appellant's evidence was in direct conflict with court records and the testimony of Zane H. White, the prosecuting attorney of Phelps County.

The trial court did not make in his decision on appellant's motion a finding of fact or declaration of law of the facts existing at the time of the entry of the plea of guilty or at the time of the hearing of his motion under Rule 27.26. This should have been done in order for this court to determine whether or not the decision of the trial judge was supported by the evidence or was erroneous. Further, no determination was made whether there was compliance with the requirement of Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); State of Missouri v. Turley, 443 F.2d 1313, 1318 (8th Cir.

1971); Flood v. State, 476 S.W.2d 529 (Mo.1972).

On March 14, 1972, the trial court, after an evidentiary hearing on appellant's motion under Rule 27.26, entered the following judgment:

"Movant, David McCullough, appearing with his court appointed attorney, Dan L. Birdsong, and the Respondent, the State of Missouri, appearing through the Prosecuting Attorney for Phelps County, Missouri, Zane White, and upon the evidence heard, and at the conclusion of all the evidence, it is found that defendant's-movant's plea of guilty entered in criminal case No. 4166 in this court on February 25, 1971, was at that time not involuntary, but was entered knowingly and voluntarily and was not coerced; and further, that movant's evidence failed to sustain the burden of proof to find otherwise. Therefore, movant's motion to vacate judgment and sentence is hereby denied and said motion is denied and said motion is dismissed."

Rule 27.26(i) requires:

"The court shall make findings of fact and conclusions of law on all issues presented, whether or not a hearing is held. If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was illegal or otherwise subject to collateral attack, or that there was such a denial or infringement of the constitutional rights of the prisoner as to render the judgment subject to collateral attack, the court shall vacate and set aside the judgment and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate."

It is apparent that the trial judge did not comply with the requirement of Rule 27.-26(i), as no findings of fact or conclusions of law were made. His failure to so do is error.

It is hereby ordered that said cause be reversed and remanded. It is further ordered that the trial court:

(1) Hold an evidentiary hearing.

(2) Make written findings of fact and conclusions of law.

(3) Determine from the evidence if movant is entitled to any relief.

It is so ordered.

BILLINGS, J., concurs in separate opinion filed.

TITUS, C. J., and HOGAN, J., concur and concur in separate concurring opinion of BILLINGS, J.

ROBERT L. CAMPBELL, Special Judge, concurs in separate opinion filed.

STONE, J., not sitting.

BILLINGS, Judge (concurring).

I agree that the trial court failed to make the requisite findings of fact and conclusions of law under Rule 27.26 and that a remand is necessary.

I am also in agreement that a further evidentiary hearing, with appellant and his attorney present, is called for. Appellant has alleged his guilty plea was induced and coerced by reason of a conversation which took place immediately before he entered his guilty plea on February 25, 1971. Present at the conversation, according to appellant, was William Floyd Howard [presently serving a sentence in the custody of the Missouri Department of Corrections as a result of his guilty plea on the same date to a charge arising out of the same incident involving appellant], Mr. Carnahan [Howard's attorney], and Deputy Scott. Although the prosecuting attorney denied statements attributed to him by both appellant and Howard at the evidentiary hearing neither Attorney Carnahan

or Deputy Scott testified. In the interest of justice it is suggested that consideration be given to the taking of their testimony on the issues herein.

ROBERT L. CAMPBELL, Special Judge (concurring in result).

I concur in the result reached in the principal opinion to the extent that this cause be reversed and remanded for failure of the trial court to make required findings of fact and conclusions of law under Rule 27.26. The trial court held an evidentiary hearing on appellant's motion as required by Rule 27.26. No further evidentiary hearing is necessary, and this court should limit itself, "to a determination of whether the findings, conclusions and judgment of the trial court", as finally determined by the trial court, "are clearly erroneous". Rule 27.26(j).