**David PORTER, Jr., Movant-Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 57532.**

Supreme Court of Missouri, Division No. 1.

Jan. 14, 1974.

John Z. Williams, Rolla, for appellant.

John C. Danforth, Atty. Gen., G. Michael O'Neal, Asst. Atty. Gen., Jefferson City, for respondent.

BARDGETT, Presiding Judge.

Movant-appellant David Porter, Jr., appeals from the judgment denying postconviction relief sought under Rule 27.26, V.A.M.R. Appellant was convicted of a felony under Sec. 561.450, RSMo 1969, V.A.M.S., and the appeal was filed prior to January 1, 1972. This court has jurisdiction. Art. V, Sec. 31(4), Mo.Const., as amended, V.A.M.S.

On June 26, 1971, appellant, his wife Cecilia Porter, and David O'Neal, Jr., were arrested and taken to the Rolla city jail in Phelps County, Missouri, where they were detained. On June 28, 1971, an officer of the First State Bank of Rolla filed a complaint for the state warrant charging that all three persons wilfully and with intent to defraud cashed a stolen money order in the amount of $100 on June 26, 1971. The warrant was issued and on the same day, June 28, 1971, the three persons charged appeared in magistrate court at which time they requested "time to consult" and the preliminary hearing was set for July 14, 1971. Bond was set at $5,000 which the defendants failed to make and were therefore recommitted to jail.

The record of the magistrate court proceedings reflects that defendants, David Porter, Jr., a/k/a Willie Everett Keys, and John X. (David) O'Neal, Jr., again appeared in magistrate court on July 7, 1971, for preliminary hearing. Defendants informed the magistrate they were unable to employ an attorney so the court appointed Jay White to represent them. The record further states that "on the same day came the defendants in person and by their court appointed attorney, Jay White and waived their preliminary hearing." The court bound the two defendants over for the October term of the circuit court of Phelps County and recommitted them to jail for failure to tender their bonds.

On July 8, 1971, Zane White, the prosecuting attorney of Phelps County, filed a two-count information against Porter and O'Neal charging each with two offenses under Sec. 561.450, RSMo 1969, V.A.M.S. (wilfully cashing a stolen money order in the amount of $100, knowing the same to be stolen, etc.).

Also on July 8, 1971, appellant appeared in circuit court with his attorney Jay White and pled guilty to one count of the information. The transcript of the guilty plea proceedings is as follows:

"THE COURT: Now, your name is David Porter, Jr.?

DEFENDANT PORTER: Right, Sir.

THE COURT: And Mr. Jay White is your attorney, too?

DEFENDANT PORTER: Correct, sir.

THE COURT: He's an employed attorney?

DEFENDANT PORTER: Correct.

THE COURT: 'Defendant David Porter, Jr., appears with his employed attorney, Jay White.' Do you wish the Information read to you?

DEFENDANT PORTER: No, sir. I've read the Information.

THE COURT: You've read it?

DEFENDANT PORTER: Yes, sir.

THE COURT: And your attorney has gone over with you, has he, and explained it to you,—

DEFENDANT PORTER: Yes, sir.

THE COURT: —explained the punishment that might be given?

DEFENDANT PORTER: Yes, sir.

THE COURT: Well, that is Count I of this Information, Case No. 4226?

MR. Z. WHITE: Yes, sir.

THE COURT: 'Defendant Porter, Jr., waives formal arraignment.'

And are you ready to plead to this charge of a confidence game—

DEFENDANT PORTER: I plead guilty, Your Honor.

THE COURT: —as it applies to . . . What is the bank?

MR. Z. WHITE: This is the First State Bank, Your Honor.

THE COURT: . . . First State Bank in Rolla, Missouri?

DEFENDANT PORTER: I plead guilty to Count I.

THE COURT: 'And pleads guilty, as charged in Count I of Information, and his punishment on that plea is fixed at . . .'
What do you recommend?

MR. Z. WHITE: Five years in the Department of Corrections.

THE COURT: '. . . commitment to State Department of Corrections for a term of five years.'

Mr. Porter, do you have any legal reason to give why judgment should not now be pronounced against you?

DEFENDANT PORTER: No, Your Honor, I do not.

THE COURT: 'Allocution granted Defendant Porter.'

By the judgment of this Court you are committed to the State Department of Corrections at Jefferson City, Missouri for a term of five years, unless you be sooner discharged according to law.

'Judgment and Sentence.'

MR. Z. WHITE: If it please the Court, I'll ask the defendant a question or two in this case.

THE COURT: Very well.

Q (by Mr. Z. White) Now, you've pled guilty to charge of cashing a stolen or bogus money order at the First State Bank. Were you threatened or coerced in any way to plead guilty?

A No.

Q What was your answer? A No.

Q Now, do you remember cashing such a money order at the First State Bank? A Yes.

Q And is that why you pled guilty, because you were, because you had done that? A Yes.

MR. Z. WHITE: Yes, sir. That's all.

THE COURT: All right."

On August 27, 1971, appellant filed a pro se motion to vacate the judgment and sentence pursuant to Rule 27.26. Counsel was appointed for appellant and on November 5, 1971, an amended motion was filed. Appellant asserted that he was not represented by counsel at the preliminary hearing; that he was represented by appointed counsel at the guilty plea proceedings and sentencing. He alleged that his plea of guilty was involuntary in that he was led to believe that he had no defense to the charge; that because he was a negro and nonresident of Phelps County he could not have favorable consideration from a jury in that county; that he was coerced into pleading guilty by threats made by the prosecuting attorney that unless he pleaded guilty his wife would be charged with a felony; that his wife was constantly harassed during confinement in the Rolla city jail and that such harassment was used by the prosecutor to coerce appellant into pleading guilty; that appellant was denied effective assistance of counsel in that counsel failed to make a complete investigation of the case before advising appellant to plead guilty and did not advise appellant of the requirement of probable cause for the search of appellant's car whereby inadmissible evidence was obtained.

An evidentiary hearing was held on November 19, 1971. Appellant testified to conversations he had with the prosecutor between the date of his arrest through July 7, 1971; that on July 7, 1971, appellant, his wife, and O'Neal, appeared in magistrate court for preliminary hearing; that he had no lawyer and the court appointed Jay White but that Jay White could not be located that day and did not appear in court; that appellant did not see or speak to Jay White until twenty minutes to one hour before the guilty plea the next day, July 8, 1971; that appellant did not waive the preliminary hearing; that he did not employ Jay White as his attorney; that if he did

not accept the five-year sentence the prosecutor would make up a case on appellant's wife and send her to the penitentiary, and would not let her out on bond until appellant agreed to plead guilty. Appellant gave additional testimony concerning harassment of his wife in jail, the boasting of the prosecutor about never losing a case to a negro, and other matters.

Mr. Jay White testified that he had been appointed by the magistrate court to represent appellant but that he did not recall appearing in magistrate court on July 7, 1971, the day before the guilty plea was entered, and waiving the preliminary hearing; that he did not recall if he spoke with appellant before July 8, 1971; that he did converse with appellant, his wife, and parents, and told them he had been appointed to represent appellant and would do so free of charge, but that if appellant had money and was able to pay he could do so; that a one-hundred-dollar fee was agreed to between Jay White and appellant, but it was never paid because the money found on appellant was held as evidence. In answer to the question of the prosecutor, Mr. Zane White, Mr. Jay White agreed that he and the prosecutor negotiated the plea and that it included the dropping of charges against appellant's wife, among other items. On redirect examination, Jay White agreed that his negotiations with the prosecutor all occurred on the same day but that the terms of the guilty plea had been worked out (between the appellant and the prosecuting attorney) before he, Jay White, even came into the case.

Mr. Zane White, the prosecutor, testified that after appellant, appellant's wife, and O'Neal were arrested, the appellant was brought to his office along with appellant's wife; that they wanted to plead guilty; that he told them they couldn't do so without an attorney; that they were very alert and asked a number of questions; that the three were going to hire an attorney with the money they had and which had been taken from them by the police and which, according to the prosecutor, belonged to

certain banks where fraudulent money orders were cashed; that on July 7, 1971, appellant and O'Neal appeared in magistrate court where Jay White was appointed as appellant's attorney, and appellant with his attorney waived preliminary hearing; that appellant's wife was not present in magistrate court on July 7; that after considerable negotiation between the prosecutor and Jay White the appellant was brought to magistrate court and with Jay White present a preliminary hearing was waived; that he, the prosecutor, had no knowledge of any harassment of appellant's wife in the Rolla jail.

Other witnesses testified concerning conversations with the prosecutor in reference to alleged statements by the prosecutor that he had never lost a case against a negro.

At the conclusion of the evidentiary hearing, the court entered the following judgment:

"Movant, David Porter, Jr., appearing with his court appointed attorney, John Z. Williams, and the Respondent, the State of Missouri, appearing through the Prosecuting Attorney for Phelps County, Missouri, Zane White, and upon the evidence heard, and at the conclusion of all of the evidence, including documentary evidence, it is found that defendant's-movant's plea of guilty entered in criminal case No. 4226 in this court on July 8, 1971, was voluntary on the part of defendant and further, that movant did have effective assistance of counsel at the time said plea was entered; and further, that movant's evidence failed to sustain the burden of proof to find otherwise. Therefore, movant's motion to vacate judgment and sentence is hereby denied and said motion is dismissed."

In State v. McCullough, 493 S.W.2d 353, 354 (Mo.App.1973), a judgment on a Rule 27.26 motion was entered by the trial court that is almost identical to that entered in the instant case. The court of appeals reversed and remanded saying, loc. cit. 354:

"It is apparent that the trial judge did not comply with the requirement of Rule

27.26(i), as no findings of fact or conclusions of law were made. His failure to so do is error.

"It is hereby ordered that said cause be reversed and remanded. It is further ordered that the trial court:

"(1) Hold an evidentiary hearing.

"(2) Make written findings of fact and conclusions of law.

"(3) Determine from the evidence if movant is entitled to any relief."

In the instant case the trial court's findings do not resolve the contested issues and the rather terse guilty plea proceedings set forth supra are of little assistance in reaching a determination as to whether or not appellant's plea was involuntary by reason of coercion. The plea proceedings took place after July 1, 1971, the effective date of amended Rule 23.03 which requires the magistrate court to appoint counsel for preliminary hearings if the accused is unable to employ counsel and states a desire to be represented. Here, counsel was appointed; but whether or not counsel appeared at the preliminary hearing was contested in the evidence and not resolved by the court's findings. This is not to say that a plea of guilty will not render harmless the failure to afford a preliminary hearing or to appoint counsel in all instances, but in the instant case the presence or absence of counsel on July 7, 1971, the date of the preliminary hearing, which was the day before the guilty plea was entered, is of importance because of the conflicting testimony relative to the plea bargaining, the alleged coercion, and the adequacy of representation, all of which is of significance in ultimately determining the validity of the plea itself.

In these circumstances the appellate review provided for under Rule 27.26(j) cannot be afforded and, therefore, the case must be reversed and remanded.

In view of the foregoing and in order that the validity of appellant's plea of guilty can be finally determined in one proceeding, it is ordered that the judgment of the circuit court be and is hereby reversed and remanded with directions to allow appellant to amend his motion if he desires to do so; to hold an evidentiary hearing; to make written findings of fact and conclusions of law responsive to the issues; and to determine from the evidence if appellant is entitled to any relief.

The judgment of the circuit court is reversed and remanded with directions to proceed in accordance with this opinion.

All of the Judges concur.