Vernon Ray FORBES, Appellant,

v.

STATE of Missouri, Respondent.

No. KCD 26883.

Missouri Court of Appeals,
Kansas City District.

July 1, 1974.

Gerald Kiser, Public Defender, Seventh Judicial Circuit, Liberty, for appellant.

John C. Danforth, Atty. Gen., Robert Presson, Asst. Atty. Gen., Jefferson City, for respondent.

Before DIXON, C. J., and SHANGLER and WASSERSTROM, JJ.

DIXON, Chief Judge.

This is an appeal by Vernon Ray Forbes from a denial of his Criminal Rule 27.26, V.A.M.R., Motion to Vacate Judgment of Conviction and Sentence of five years entered on his plea of guilty to the crimes of burglary, second degree, and stealing. The motion was based on (1) illegal lineup procedures, and (2) ineffective assistance of legal counsel. He claims that he was forced to submit himself to a lineup without first being advised of his right to have counsel present and that his attorney did not heed his urgings to investigate the lineup procedures and seek a change of venue.

Despite the fact that these allegations would ordinarily require an evidentiary hearing, the trial court denied the motion without holding an evidentiary hearing and merely recited that, "the court takes up movant's motion to vacate . . . and examines the entire record; and the court doth find that said movant's motion to vacate, set aside or correct judgment and sentence be denied."

Appellant first assigns as error the trial court's failure to make findings of fact and conclusions of law in its judgment as required by Rule 27.26(i). This point has merit and is dispositive of this appeal.

Prior to 1967, the trial court was required to make findings of fact and conclusions of law only when an evidentiary hearing was held, and even when a hearing was held, the failure to make findings of fact and conclusions of law could be overlooked by the appellate court, because review was de novo. However, since 1967, the trial court is required to make findings of fact and conclusions of law on all issues presented, "whether or not [an evidentiary] hearing is held." Rule 27.26(i). Accordingly, appellate review is now "limited to a determination of whether the findings, conclusions and judgment of the trial court are clearly erroneous." Rule 27.26(j). Obviously, such review is possible only where the trial court has complied with Rule 27.26(i), by making findings of fact and conclusions of law on all issues presented.

An examination of the case law reveals that these rules are strictly applied where an evidentiary hearing is held. Thus, failure to comply with Rule 27.26(i) requires reversal and remand with directions to enter adequate findings of fact and conclusions of law as a prerequisite to further appellate review. Porter v. State, 504 S.W.2d 30 (Mo.1974); State v. McCullough, 493 S.W.2d 353 (Mo.App.1973). The only cases in which remand has not been required are those where movant obtained a hearing and proper judgment with findings of fact and conclusions of law on all issues presented and, on a second motion under Rule 27.26, movant raised no new issues. Huffman v. State, 487 S.W.2d 549 (Mo.1972); Veneri v. State, 474 S.W.2d 833 (Mo.1971).

In cases where the trial court has denied an evidentiary hearing, the appellate courts, while recognizing the requirements of Rule 27.26(i), have been more lenient in its application. Rather than disposing of the appeal solely by means of reversal and remand for entry of findings of fact and conclusions of law, they have, as a matter of grace, taken judicial notice of the motion, files, and records of the case to determine whether or not an evidentiary hearing is required. Larson v. State, 437 S.W.2d 67 (Mo.1969); Gerberding v. State, 433 S.W.2d 820 (Mo.1968) [both reversed and remanded with directions to hold an evidentiary hearing and enter findings of fact and conclusions of law]; Pauley v. State, 487 S.W.2d 565 (Mo.1972) [affirmed denial of evidentiary hearing;

non-compliance with Rule 27.26(i) not raised on appeal]. The Pauley court, motivated by a desire to expedite the appeal exercised its discretionary power to review on the basis of judicial notice. The plain language of the rule cannot be ignored. It is the duty of the trial judge to make findings of fact and conclusions of law on all issues presented [Rule 27.26(i)], and appellate review is limited to a determination as to whether said findings, conclusions, and judgment are clearly erroneous. Rule 27.26(j). Not only are the rules plain in this regard, but also the increasing number of motions and appeals under Rule 27.26 require that they be strictly followed. Appellate courts do not have the time nor the manpower to assume the burden of taking judicial notice of the motion, files, and records where findings of fact and conclusions of law are absent. The trial judge must perform his duty in this regard, in order for proper and expeditious appellate review to follow.

The State has made no claim that there were proper findings of fact and conclusions of law in the instant case. Rather, the State relies solely on Pauley v. State, supra, which affirmed a summary order of the trial court. In Pauley, however, review and affirmance, as noted, was a matter of the exercise of judicial discretion. Furthermore, in Pauley, the issue of non-compliance with Rule 27.26(i) was not raised on appeal.

■ A mere recital that the court examines the record and finds that the motion should be denied is not a compliance with Rule 27.26(i). In these circumstances, the appellate review provided for under Rule 27.26(j) cannot be afforded.

It is, therefore, ordered that the judgment of the circuit court be and is hereby reversed and remanded with directions to provide an evidentiary hearing and make adequate findings of fact and conclusions of law on all issues presented, in accordance with Rule 27.26(i).

All concur.