Buddy Gordon **MIKEL**, Respondent,

v.

**STATE of Missouri, Appellant.**

**No. KCD 27561.**

Missouri Court of Appeals,
Kansas City District.

Oct. 6, 1975.

John C. Danforth, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City, for appellant.

Clyde C. Rogers, Public Defender, Moberly, for respondent.

Before SOMERVILLE, P. J., PRITCHARD, C. J., and TURNAGE, J.

TURNAGE, Judge.

The State appeals an order setting aside the conviction of Buddy Gordon Mikel and allowing him to withdraw his plea of guilty to rape. Mikel (movant) was sentenced to ten years confinement following a plea of guilty.

In his motion under Rule 27.26, movant alleged as grounds for vacating and setting aside his conviction (1) his plea of guilty was not entered knowingly, intelligently and voluntarily, with fifteen allegations of specific reasons, (2) the court accepted his plea of guilty without first determining whether or not it was voluntary, with four allegations of specific reasons, (3) ineffective assistance of counsel, with seven allegations of specific reasons, (4) failure of the court to observe the requirements of Chapter 552, RSMo 1969, regarding the psychiatric examination of movant, with three allegations of specific reasons, and (5) movant was denied due process because at the time it passed sentence the court had false and inflammatory information in its files concerning the past conduct of movant which induced a greater sentence.

After an evidentiary hearing, the court entered the following order:

"FINDINGS AND ORDER

"An evidentiary hearing was granted movant on his Amended Motion to Vacate Sentence. Movant was represented by counsel and evidence was presented at the hearing on July 18, 1974.

"The court finds that movant entered a plea of guilty to a charge of rape in the Circuit Court of Howard County, Missouri in Case No. 2558 on April 14, 1970, and said plea of guilty was accepted by the court. The court sentenced movant to ten years in the custody of Department of Corrections on the same date. The court finds that movant at the time he entered his plea of guilty did not have a clear understanding of the nature of the charge brought against him. The court further finds that movant's plea of guilty was not knowingly and intelligently made. The court further finds that the judgment of conviction of movant in Case No. 2558 in the Circuit Court of Howard County, Missouri should be set aside to correct a manifest injustice and movant should be permitted to withdraw his plea of guilty entered in said cause.

"It is therefore ordered that the sentence and judgment of conviction of movant, Buddy Gordon Mikel, in Case No. 2558 in the Circuit Court of Howard County, Missouri be and is hereby set aside and movant Buddy Gordon Mikel shall be permitted to withdraw his plea of guilty entered in said cause. Movant is ordered remanded to the custody of the Sheriff of Howard County, Missouri for further proceedings."

The State primarily argues the invalidity of the court's order on the basis the court failed to make the findings of fact and conclusions of law required by Rule 27.26(i). That Rule provides in part: "[t]he court shall make findings of fact and conclusions of law on all issues presented . . ."

A remarkable similarity will be noted between the order in this case and that made in *Porter v. State,* 504 S.W.2d 30 (Mo.1974) and *State v. McCullough,* 493 S.W.2d 353 (Mo.App.1973). In both *Porter* and *McCullough* the court held findings of fact had not been made which would enable the appellate court to carry out its appellate function to determine if the findings, conclusions and judgment of the trial court are clearly erroneous. Rule 27.26(j).

In this case the movant alleged five grounds with numerous specific allegations of fact in support of his contentions that his conviction should be set aside and he be allowed to withdraw his plea of guilty. The evidence heard by the court on the motion range over practically all of the matters alleged in the motion. Much of the evidence was conflicting since it came from

the movant on one hand and from his attorney at the time the plea of guilty was entered on the other. Furthermore, the court had before it a transcript of the proceedings at the time movant's plea of guilty was entered and accepted which contradicts much of movant's evidence.

In spite of the conflict in the evidence, the court failed to make any findings of fact. Rather, the court made a finding of the ultimate question of law, i. e., the plea was not knowingly and intelligently made and the movant did not have a clear understanding of the nature of the charge brought against him. These would be sufficient conclusions of law, but they would have to be supported by the findings which the trial court made in order to reach such conclusions. This court cannot review the findings of fact which the trial court may have made on conflicting evidence when the record is silent as to which facts the court found.

In this proceeding it is not possible to imply that the trial court made certain findings of fact which would support the two conclusions of law stated. This was the holding in *Thomas v. State,* 465 S.W.2d 513, 516 (Mo.1971) when the court stated: "[o]nly by implication may it be said that the court ruled on these questions. A ruling by implication is not a sufficient basis for a 27.26 appellate review." Thus, this court is not at liberty to imply that the trial court found any particular fact in the absence of a finding made by the trial court.

A finding of fact has been said to be a finding sufficient to show how the controlling issues have been decided. *Michler v. Krey Packing Co.,* 363 Mo. 707, 253 S.W.2d 136, 142 (banc 1952). In short, the finding of fact is nothing less than a statement by the court as to what facts the court finds to be true which in turn leads the court to form conclusions of law. The conclusions constitute a finding on the ultimate legal issues which determines the result of the dispute.

The judgment setting aside and vacating movant's conviction and allowing him to withdraw his plea of guilty is reversed and the cause is remanded for the court to make findings of fact and conclusions of law on all issues presented by movant as required by Rule 27.26(i).

All concur.