Lewis Lee **HARRIS,** Movant-Appellant,

v.

**STATE of Missouri, Respondent.**

No. 37893.

Missouri Court of Appeals,
St. Louis District,
Division Four.

Feb. 15, 1977.

---

1. *State v. Taylor,* 542 S.W.2d 91[2–5] (Mo.App.1976).

Robert C. Babione, Public Defender, Jeffrey J. Shank, J. C. Jones, Asst. Public Defenders, St. Louis, for movant-appellant.

John D. Ashcroft, Atty. Gen., Preston Dean, J. Michael Davis, Asst. Attys. Gen., Jefferson City, George A. Peach, Circuit Atty., Thomas M. Daly, Asst. Circuit Atty., St. Louis, for respondent.

SIMEONE, Chief Judge.

This is an appeal by Lewis Lee Harris from a denial of his motion to vacate judgment of conviction and sentence pursuant to Rule 27.26 V.A.M.R. Movant was sentenced to two concurrent eighteen-year terms on his plea of guilty to the crimes of assault with intent to kill with malice and robbery first degree by means of a dangerous and deadly weapon. §§ 559.180, 560.120 and 560.135, RSMo.

Movant's 27.26 motion was predicated upon the allegations that his plea of guilty was involuntarily made and that he was ineffectively assisted by counsel in that (1) counsel failed to conduct an appropriate investigation to establish and develop movant's alibi defense, (2) counsel failed to interview members of movant's family even though movant informed his counsel that he was in the company of these family members at the time of the crime, (3) counsel failed to prepare an adequate defense as evidenced by counsel's failure to interview any of the state's prospective witnesses and his failure to examine the scene of the crime, and (4) counsel was not physically capable of advising and assisting movant in making a knowing and intelligent plea of guilty.[1]

The trial court denied appellant's motion after holding an evidentiary hearing at

---

1. The allegation that his plea was involuntarily made and the fact of counsel's physical incapabilities were added by amendment.

which movant, his mother, two of his sisters and his former counsel testified. In denying appellant's motion, the trial court stated:

". . . [T]he Court herein denies the defendant's 27.26 [motion], and finds that the defendant was adequately represented. . . . Mrs. Perry [movant's mother], based on what the lawyer testified, and the evidence I am denying your son's petition for new trial, for a writ for the 27.26. The lawyer had adequate time records to indicate the amount of time he spent on the case, and what he had done to prepare the case. . . ."

Then, on February 10, 1976, the trial court in a memorandum, stated:

"The Court finds the claims in [movant's] 27.26 Petition is [sic] without merit. . . ."

On this appeal appellant urges that the cause should be remanded because the trial court failed to make findings of fact and conclusions of law as required by Supreme Court Rule 27.26(i). This is the only assignment of error that need be considered.[2]

▮ Pursuant to Supreme Court Rule 27.26(i), the trial court is required to "make findings of fact and conclusions of law on all issues presented" in a motion for post-conviction relief. Appellate review is limited to a determination of whether the findings, conclusions and judgment of the trial court are clearly erroneous. Rule 27.26(j); *Crosswhite v. State*, 426 S.W.2d 67 (Mo. 1968). Such a review is possible only where the trial court makes adequate findings of

fact and conclusions of law in accordance with the express provisions of the rule. *Thomas v. State*, 465 S.W.2d 513, 515 (Mo. 1971); *Gerberding v. State*, 433 S.W.2d 820, 824 (Mo.1968). A mere recital or statement that the motion, files and records conclusively show that the movant is entitled to no relief is not a compliance with the rule. *Gerberding v. State*, supra, 433 S.W.2d at 824. A mere recital that the court finds that the motion should be denied is not a compliance with the rule. *Keith v. State*, 511 S.W.2d 896, 897 (Mo.App.1974). Specific findings of fact and conclusions of law on each issue presented are required[3]; anything less presents an insufficient basis for intelligent appellate review as contemplated by the rule. *Thomas v. State*, supra, 465 S.W.2d at 515.[4] Findings of fact and conclusions of law will not be supplied by implication from the trial court's ruling. *Thomas v. State*, supra, 465 S.W.2d at 516.

▮ The trial court here did not make specific findings of fact and conclusions of law on all issues presented. The oral statement and the memorandum filed by the trial court were mere conclusions and not in accordance with Rule 27.26(i). We are, therefore, compelled to reverse the judgment and remand the cause for specific findings.

The judgment is reversed and the cause remanded with directions to make specific findings of fact and conclusions of law in compliance with Rule 27.26(i).

ALDEN A. STOCKARD and NORWIN D. HOUSER, Special Judges, concur.

2. Appellant also contended, in the alternative, that the trial court's findings were clearly erroneous.

3. A specific finding relating to each and every fact testified to by each witness at the hearing is not required as long as there are specific and adequate findings as to all issues. *Thomas v. State*, 512 S.W.2d 116, 121 (Mo. banc 1974). See also *Garrett v. State*, 528 S.W.2d 174 (Mo. App.1975)—holding that the court must make findngs on all issues presented and that it was error for the trial court in a post-conviction proceeding to fail to include in its findings and conclusions any reference to trial counsel's fail-

ure to request a psychiatric examination for the defendant where that issue was properly before the trial court.

4. In *Thomas v. State*, supra, the Supreme Court held that the trial court's nine page "dissertation" at the conclusion of the hearing on the motion did not comply with Rule 27.26 because, although the court discussed generally the conduct of the prosecuting attorney and the conduct of defendant's attorney at the original trial, no specific findings of fact or conclusions of law with respect to their conduct were made.